IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

GARY A. DELUCA,

Plaintiff,

vs.

CAROLYN W. COLVIN, Commissioner of Social Security Administration,

Defendant.

**CV 14-68-GF-BMM**

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

## I.SYNOPSIS

Plaintiff Gary A. Deluca seeks judicial review of the determination of Defendant Carolyn W. Colvin ("Commissioner"), the acting Commissioner of Social Security, to deny Deluca's application for supplemental security income and disability insurance benefits under the Social Security Act. Deluca moved for summary judgement on January 7, 2015 (Doc. 10). United States Magistrate Judge John Johnston issued Findings and Recommendations on June 23, 2015,

recommending that the Court deny Deluca's motion and enter judgement in favor of the Commissioner. (Doc. 19). Deluca timely filed objections to the Findings and Recommendations, and the Commissioner timely filed a response. (Docs. 20, 21).

The Court will review *de novo* the portions of the Findings and Recommendations to which Deluca objects. 28 U.S.C. § 636(b)(1). The Court will review for clear error the remainder of the Findings and Recommendations. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## II.JURISDICTION and VENUE

The Court possesses jurisdiction pursuant to 42 U.S.C. § 405(g). Venue is proper under 28 U.S.C. § 1391(e) and Local Rule 1.2(c)(3). Deluca resides in Cascade County, Montana, which lies within the Great Falls Division of the United States District Court for the District of Montana.

## III.FACTUAL and PROCEDURAL BACKGROUND

The Court adopts by reference the background facts, administrative record, and procedural history as stated in the Findings and Recommendations. (Doc. 19). Deluca applied for supplemental security income and disability insurance benefits in January 2011. Deluca sought to establish that he had been disabled since April 2010 and was entitled to benefits under the Social Security Act. The Social

Security Administration ("Administration") denied Deluca's claim on June 8, 2011. The Administration denied Deluca's request for reconsideration on November 4, 2011.

Deluca requested a hearing in front of an Administrative Law Judge ("ALJ"). The ALJ conducted a hearing in November 2012, and issued its decision in February 2013, that Deluca did not qualify for benefits. (AR. 13-20).

The ALJ conducted a five-step disability evaluation process determining that (1) Deluca worked after the alleged onset date, but the work did not qualify as substantial gainful activity; (2) Deluca has severe impairments, including lumbar degenerative disc disease, left hip bursitis, right hand carpal tunnel syndrome, seizure disorder, colitis, and ulcerative proctitis; (3) Deluca's impairments did not establish a disability under the Listing of Impairments; and, (4) Deluca was able to perform past relevant work. *Id.* The ALJ did not reach step five because he found Deluca was not disabled at step four. *Id.*

Deluca sought review of the ALJ's determination from the Social Security Administration Appeals Council ("Appeals Council"). The Appeals Council denied his request for review on July 24, 2014. The Appeals Council's denial of Deluca's request for review made the ALJ's determination final for purposes of judicial review. 20 C.F.R. §§ 404.981, 404.1481.

## IV.LEGAL STANDING

A claimant may seek judicial review of a final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). The Court conducts limited review,. The Court reviews *de novo* any part of the Magistrate Judge's Findings and Recommendations to which proper objections have been made. Fed. R. Civ. P. 72(b)(3).

A claimant must satisfy two criteria in order to be found eligible for benefits under the Social Security Act. First, the claimant must have a medically determinable physical or mental impairment that can be expected to result in death, or that has lasted, or can be expected to last, for a continuous period of time not less than twelve months. *Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382c(a)(3)(A)); Second, the impairment must be of such severity that considering the claimant's age, education, and work experience, the claimant not only is unable to perform previous work, but also is unable to engage in any other kind of substantial gainful work that exists in the national economy. *Id*; *see* 42 U.S.C. § 423(d).

The Commissioner follows a five-step evaluation process to determine if a claimant is disabled. 42 U.S.C. § 1382C(a)(3). At step one, the Commissioner determines if the claimant currently engages in substantial gainful activity. *Hoopaiv v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). At step two, the

Commissioner determines whether the claimant has a severe impairment. *Id.* At step three, the Commissioner determines if the impairment meets or equals the criteria of the Listing of Impairments. *Id.* At four, the claimant must establish a *prima facie* case of disability by showing that he cannot perform past relevant work. *Id.* At step five, the Commission can rebut the claimant's *prima facie* case and prove that the claimant can engage in substantial gainful activity. *Id.* at 1075.

The review ends if the Commissioner determines that a claimant is or is not disabled at any point during the five-step process, the review ends. *Corro v. Shalala*, 20 F.3d 943, 946 (9th Cir. 1994). The burden rests on the claimant at steps one through four. *Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003). At step five, the burden shifts to the Commissioner. *Id.* A claimant who is not disqualified at step five is eligible for benefits. *Id.*

The Court may set aside the ALJ's final determination only if the ALJ bases it on legal error or if "substantial evidence in the record as a whole" fails to support the findings. *Schneider*, 223 F.3d at 973. Substantial evidence constitutes relevant evidence if a reasonable mind might accept as adequate to support a conclusion. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence involves more than a mere scintilla, but less than a preponderance. *Id*. The Court must consider the record as a whole, weighing the evidence that both supports and detracts from the ALJ's determination. *Mayes v. Massanari*, 276 F.3d 453, 459

(9th Cir. 2001). The Court must uphold the ALJ's decision where the evidence remains susceptible to more than one rational interpretation. *Andrews*, 53 F.3d at 1039.

## V. DISCUSSION

Deluca objects to all of the Magistrate Judge's findings. (Doc. 20 at 2). Deluca specifically contends that the ALJ improperly discredited Deluca's testimony, and the opinions of Dr. Gregory Vanichakchorn and Peggy Martin, by not providing adequate support for his decisions. *Id.* at 3, 9, 18. Deluca additionally argues that the ALJ erred in relying on the evidence of a nurse practitioner, erred in determining not to hold a supplemental hearing, erred in determining not to call supplemental physician testimony, and erred in determining not to solicit testimony from a vocational expert. *Id.* at 2, 9, 19, 20. Substantial evidence supports the ALJ's determination and it is not based on legal error. The Court adopts in full Judge Johnston's Findings and Recommendations.

### A. Deluca's Testimony

The ALJ identified specific evidence supporting its determination that Deluca's testimony was not entirely credible. The ALJ pointed to evidence from Deluca's treating nurse practitioner and Dr. Vanichakchorn indicating that he could

perform gainful activity. The ALJ also noted that Deluca's treating physicians never determined that Deluca was unable to work, and, in fact, found his conditions generally improving. The ALJ also noted the gaps in Deluca's symptoms and treatment, and evidence from his treating physician that the recurrence of his symptoms was probably due to Deluca's failure to take his medication. (AR 18-20). The ALJ further noted that on several occasions that Deluca had indicated he was ready and willing to return to work. (AR 18-19). The ALJ also pointed to Deluca's statements to his case worker that he became tired at work because he was "out of shape," not because of his disability. *Id*.

The ALJ identified specific evidence and provided meaningful explanations for why it rejected portions of Deluca's testimony. *See Robbins*, 466 F.3d at 884-85. The ALJ possesses ultimate responsibility for determining credibility if substantial evidence supports its decision. Substantial evidence supports the ALJ's determination that portions of Deluca's testimony were not credible.

**B. Nurse Practitioner Evidence**

A nurse practitioner qualifies as an "other source" who can provide medical evidence about the severity of a claimant's impairment and how it affects his ability to work. *Garrison v. Colvin*, 759 F.3d 995, 1013-14 (9th Cir. 2014) (citing 20 C.F.R. § 404.1513(d)(1)). The medical opinion of a treating nurse practitioner

may be afforded the same weight as that of a treating physician. *Kelly v. Astrue,* 471 Fed. App'x 674, 677 (9th Cir. 2012). Evidence from a nurse practitioner can be discredited only when the ALJ provides reasons germane to the particular witness as to why the evidence should be rejected. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Frank treated Deluca on April 26, 2010, for anxiety and lack of focus. (AR 18). Frank found Deluca to have toxic levels of Dilantin, an anti-seizure medication. *Id*. Frank wrote a letter to Deluca's employer on April 26, 2010, stating that Deluca needed approximately two months off work to stabilize his medication. (AR 433). Frank wrote another letter to Deluca's employer on June 11, 2010, stating that Deluca was no longer experiencing issues with his medication and was ready to return to work. (AR 428). Frank noted that Deluca's seizures had been well controlled in the past. (AR 429).

Frank may provide medical evidence about the severity of Declua's disability due to the fact that she served as his treating nurse practitioner. The ALJ's reliance on Frank's evidence was bolstered by its reliance on evidence from two of Deluca's treating physicians and contradictory evidence from Dr. Vanichakchorn. The ALJ did not err in relying on the evidence from Frank and affording it substantial weight.

### C. Dr. Gregory Vanichakchorn

Deluca objects to the Magistrate Judge's findings that the ALJ properly discredited Dr. Gregory Vanichakchorn's medical opinion. (Doc. 20 at 3). Deluca asserts that (1) the ALJ did not provide clear and convincing reasons for discrediting Dr. Vanichakchorn's opinion; (2) the ALJ erred in rejecting Dr. Vanichakchorn's opinion because it was based on objective findings; (3) the ALJ failed to present objective findings contrary to Dr. Vanichakchorn's opinion; and, (4) the ALJ did not set forth what other physicians' opinions it relied on. *Id*. at 3-15.

The ALJ must consider all medical opinion evidence. 20 C.F.R. § 404.1527(b). A non-treating, or examining, physician's opinion generally caries less weight that a treating physician. *Garrison*, 759 F.3d at 1012. An examining physician's opinion is not afforded as much weight as a treating physician's due to the fact that the examining physician cannot provide a detailed, long-term picture of a claimant's disability. *See* 20 C.F.R. § 404.1527(c)(2). The ALJ may not discredit or reject the medical opinion of a physician, however, without offering a substantive basis for his conclusion. *Garrison*, 759 F.3d. at 1012-13. The ALJ's determination must be supported by substantial evidence. *Id.* at 1012.

The ALJ may discredit a physician's opinion if it is inconsistent with the physician's examination notes, *Molina*, 674 F.3d at 1111-12, or with the medical records as a whole. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ may also discredit a physician's opinion if it is based to a large extent on the self-reporting of a claimant whom the ALJ does not find credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). The ALJ, and not the Court, assumes responsibility for determining credibility and resolving ambiguities and conflicts in medical testimony. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

Dr. Vanichakchorn saw Deluca only once and preformed a consultative physical evaluation in May 2011. (AR 19). Dr. Vanichakchorn determined that Deluca's gait was normal, that he had no tenderness in his spine, that his rage of motion was nearly full, and that he had full strength in his extremities. (AR 538-40). Dr. Vanichakchorn found that Deluca's sensation was intact except for in his left knee and ankle. (AR 19). There was also some evidence of carpal tunnel syndrome in Deluca's left hand. (AR 541). Dr. Vanichakchorn determined that Deluca could perform limited work activity, but would need twelve months to return to *full-time* gainful employment. (AR 541-42).

Dr. Vanichakchorn's examination notes further indicate that Deluca could lift up to twenty-five pounds occasionally and up to ten pounds regularly. (AR

542). Dr. Vanichakchorn's notes also indicate that Deluca could walk and stand for short periods of time. *Id.* Finally, Dr. Vanichakchorn noted that Deluca had no fine finger motor ability or gross metal impairment that would affect his ability to engage in gainful activity. *Id.*

The ALJ determined that Dr. Vanichakchorn was a "non-treating source," having examined Deluca only once. (AR 19). The ALJ found Dr. Vanichakchorn's opinion to be at least partially based on Deluca's unreliable allegations. *Id.* The ALJ further determined that Dr. Vanichakchorn's examination notes contradicted his own opinion. *Id*. The ALJ also relied on the opinion of Deluca's treating nurse practitioner and the absence of any evidence from two of Deluca's treating physicians that Deluca was unable to work. (AR 18).

The ALJ provided specific reasons for rejecting Dr. Vanichakchorn's opinion which are supported by substantial evidence in the record. Dr. Vanichakchorn's own opinion indicates that Deluca remained capable of performing gainful activity. The ALJ's decision to afford Dr. Vanichakchorn's opinion little weight is further supported by the ALJ's reliance on medical evidence from three treating sources.

**D. Vocational Expert Testimony**

Deluca objects to the Magistrate Judge's findings that the ALJ did not err by refusing to soliciting testimony from a vocational expert. (Doc. 20 at 20). Deluca contends that the Commissioner was required to obtain the testimony of a vocational expert to show that he was capable for performing gainful activity because he alleged non-exertional limitations. *Id.*

The ALJ found that Deluca's residual functional capacity allowed him to perform his past relevant work as a laundry worker. (AR 20).Finding Deluca capable of performing past relevant work, the ALJ determined that Deluca failed to establish his *prima facie* of disability. *Id.* Accordingly, the ALJ did not move on to step five and did not soliciting the testimony of a vocational expert. *Id.*

Substantial evidence in the record supports the ALJ's determination that Deluca failed to establish his *prima facie* case of disability. The ALJ did not err in ending the evaluation process at step four. Accordingly, the Commissioner was not required to prove Deluca could perform gainful activity. The ALJ was not obliged to solicit the testimony of a vocation expert. The Court should not disturb the ALJ's determination not to call a vocational expert to testify.

**E. Supplemental Testimony and Hearing**

Deluca objects to the Magistrate Judge's determination that the ALJ properly denied Deluca a supplemental hearing. (Doc. 20 at 19). The ALJ initially

indicated that it would provide Deluca with a supplemental hearing, but after a number of requests, the ALJ declined. *Id.* at 19. Deluca also argues that ambiguous in the medical evidence required the ALJ to call supplemental physician testimony when he found ambiguities in the medical evidence. *Id.* at 11-12. The Magistrate Judge determined that Deluca had been provided a sufficient opportunity to be meaningfully heard, and that the ALJ did not err by denying Deluca's requests. (Doc. 19 at 8-9).

The ALJ has a duty to develop the record fairly, *Brooks v. Barnhart*, 66 Fed. App'x 728, 729 (9th Cir. 2003), and to conduct a fair hearing. *McLeod v. Astrue*, 640 F.3d 881, 884 (9th Cir. 2010). The ALJ must provide the claimant with the opportunity to be heard at a meaningful time and in a meaningful manner. *Brooks*, 66 Fed. App'x at 729. The ALJ must be especially diligent when the claimant is *pro se* or has only lay representation. *McLeod*, 640F.2d at 885. When the medical evidence is ambiguous, the ALJ has a duty to conduct an appropriate inquiry. *Id*.

The ALJ did not err in refusing to solicit supplemental physician testimony or to hold a second hearing. The ALJ relied on evidence from multiple medical sources, testimony from Deluca, as well as lay witness testimony, and substantially all of Deluca's medical record. The ALJ determined that this evidence together showed that Deluca was able to engage in substantial gainful activity. Deluca was not prejudiced by the ALJ's refusal to solicit further testimony or hold an

additional hearing. Deluca was given a meaningful opportunity to be heard and present evidence, and was represented by counsel. It is the ALJ who ultimately decides questions of credibility and ambiguities in the medical evidence. *Morgan*, 169 F.3d at 603.

**F. Lay Witness Credibility**

Deluca objects to the Magistrate Judge's findings that the ALJ properly rejected the opinion of Deluca's former boss, Peggy Martin. (Doc. 20 at 18). Deluca argues that the ALJ did not present specific and objective evidence supporting his decision to discount Martin's opinion. *Id.*

The ALJ cannot disregard the testimony of a competent lay witness without comment. *Molina*, 674 F.3d at 1114. The ALJ may disregard competent lay witness testimony only when he provides reasons which are germane to the witness. *Id.* Conflicts between lay witness testimony and medical evidence are reasons that are germane to a determination to discrediting lay witness testimony. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ, not the Court, assumes responsibility for determining questions of credibility. *Morgan*, 169 F.3d at 603.

Martin provided a letter to the ALJ in which she stated that Deluca was unable to perform full time work. (AR 387). She noted Deluca worked at a pace slower than typically tolerated, and that he was unable and unwilling to perform

essential functions of his job. *Id.* The ALJ determined that the letter conflicted with the medical evidence. (AR 19). The ALJ also found that Martin's opinion contradicted Deluca's statements. *Id.* The ALJ noted that Deluca has indicated to his case worker that he became tired at work because he was "out of shape," not because of his disability. (*See* AR 384). The ALJ provided specific, germane reasons for rejecting Martin's opinion, which are supported by substantial evidence in the record.

## VI.CONCLUSION

The ALJ's determination appears to be supported by substantial evidence and not based on legal error. After reviewing the objected to Findings and Recommendations *de novo*, the Court adopts in full Judge Johnston's proposed Findings and Recommendations.

**IT IS HEREBY ORDERED** that the proposed Findings and Recommendations entered by the United States Magistrate Judge John Johnston (Doc. 19) are ADOPTED IN FULL. Plaintiff Gary A. Deluca's motion for summary judgement (Doc. 10) is DENIED. The Commissioner's determination is AFFIRMED.

Judgment is entered accordingly.

DATED this 31st day of July, 2015.

Brian Morris
United States District Court Judge